IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DANIEL A. STONE, | ) | Civil Action No.: 4:07-00215-MBS-TER |
| aka Daniel Aaron Stone, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | REPORT AND RECOMMENDATION |
| | ) | |
| ED TRAMMELL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# I.  PROCEDURAL BACKGROUND

The plaintiff, Daniel Stone ("plaintiff"), filed this action under 42 U.S.C. § 1983[1] on January 24, 2007. On June 28, 2007, defendant filed a motion for summary judgment along with a supporting memorandum and exhibits. Because plaintiff is proceeding pro se, he was advised on or about June 20, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendant's motion for summary judgment with additional evidence or counter affidavits could result in the dismissal of his complaint. On July 16, 2007, plaintiff filed a motion for extension of time to file a response to defendant's motion for summary. This motion was granted and plaintiff was given an additional forty-five (45) days to file a response making his response due on or before September 6, 2007. Plaintiff was again informed that if he failed to file a response his case may be dismissed for failure to prosecute. Plaintiff has failed to file a response.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. <u>Ballard v. Carlson</u>, 882 F.2d 93 (4th Cir. 1989), <u>cert</u>. <u>denied</u> 493 U.S. 1084 (1990) and <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)  the degree of plaintiff's responsibility in failing to respond;

(2)  the amount of prejudice to the defendant;

(3)  the history of the plaintiff in proceeding in a dilatory manner; and,

(4)  the existence of less drastic sanctions other than dismissal.

<u>Davis v. Williams</u>, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding <u>pro se</u> so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendant's motion for summary judgment or the Court's Orders requiring him to respond. The undersigned concludes the plaintiff has abandoned his lawsuit as to this defendant. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

**II.  CONCLUSION**

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute pursuant

to Fed. R. Civ. Proc. 41(b).

                                      Respectfully submitted,

                                      s/Thomas E. Rogers, III
                                      Thomas E. Rogers, III
                                      United States Magistrate Judge

January 14, 2008
Florence, South Carolina

    **The parties' attention is directed to the important information on the attached notice.**